UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RICHARD JOHN DEWSNAP, JR., | ) No. ED CV 13-02174 -VBK |
| Plaintiff, | ) MEMORANDUM OPINION <br> ) AND ORDER |
| v. | ) |
| | ) (Social Security Case) |
| CAROLYN W. COLVIN, Acting <br> Commissioner of Social <br> Security, | ) |
| Defendant. | ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issue:

1. Whether the Administrative Law Judge ("ALJ") properly

```
                considered Plaintiff's testimony and made proper credibility
                findings.
```
(JS at 2.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

## I

## THE ALJ'S CREDIBILITY DETERMINATION WAS BASED ON
## SPECIFIC, CLEAR AND CONVINCING REASONS

Following an administrative hearing at which Plaintiff was represented by counsel, and testimony was taken both from Plaintiff and a vocational expert ("VE") (AR 68-109), the ALJ issued an unfavorable Decision. (AR 10-18.) The Appeals Council denied review (AR 1-3), thus rendering the ALJ's Decision the final Decision of the Commissioner. This litigation followed, and Plaintiff now raises a single claim, challenging the ALJ's unfavorable assessment of his credibility as to subjective symptoms.

Following the hearing and the ALJ's review of the record, Plaintiff's residual functional capacity ("RFC") was determined to permit a full range of work at all exertional levels with the following non-exertional limitations: limited to one to two-step job instructions; no more than occasional interaction with supervisors and coworkers; precluded from interaction with the public; and no more than occasional changes in a workplace setting. (AR 13.) The ALJ then depreciated Plaintiff's credibility as to his claimed subjective symptoms. (AR 14-15.) Finding Plaintiff's allegations "less than fully

credible," the ALJ set forth his reasons in the ensuing portions of the Decision. (AR 14-15.) These are well summarized and discussed by the parties in the JS.

Before examining these reasons, the Court must determine the legal standard applicable to its task. Plaintiff cites Ninth Circuit case law for the proposition that the ALJ's findings must be supported by specific and cogent reasons, and where there is no finding of malingering, the standard is elevated to clear and convincing reasons. (JS at 4-5, citing Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998), Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990), and Smolen v. Chater, 80 F.3d 1273, 1283-84 (9th Cir. 1996).

In contrast, the Commissioner sets forth what appears now to be an oft-stated position: that the Court should follow a more lenient standard set forth in Social Security Ruling ("SSR") 96-7p, which requires that the findings on credibility must simply be "sufficiently specific to make clear ... the weight the adjudicator gave to the individual's statements and the reasons for that weight." (See JS at 8-9.) The Commissioner argues that the Court should not follow Ninth Circuit precedent that is more restrictive than the standards set forth in Social Security Rulings. In response, the Court notes that the Ninth Circuit has been restating the legal standards cited above for at least 20 years, and probably longer. Recently, in Molina v. Astrue, 674 F.3d 1104 (9th Cir. 2012), the Circuit reiterated the credibility assessment analysis, citing numerous other opinions, including Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009). Again, the Circuit upheld the "specific, clear and convincing reasons" test articulated in Vazquez, noting also its consistent reasoning in Lingenfelter v. Astrue, 504 F.3d 1028, 1056 (9th Cir. 2007). (See

3

Molina, 674 F.3d at 1112-1113.

Turning to an analysis of this case, for the reasons which follow, the Court concludes that the ALJ did meet the more stringent standard in depreciating Plaintiff's credibility as to his subjective symptoms.

The ALJ noted that Plaintiff said he hears voices on a daily basis; that he has difficulty concentrating (for example, that he could not follow a 30-minute television program); that he has difficulty getting along with others; that the medication he takes for his mental impairments are a little helpful but that he experiences side effects including insomnia, stomach pains, weight gain and muscle pain. (See AR at 14.)

The ALJ depreciated this testimony for several reasons, which the Court will now review. First, he noted that Plaintiff described activities of daily living ("ADL") "which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." (AR 14.) The ALJ further concluded that "some of the mental abilities and social interactions required in order to perform these activities are the same as those necessary for obtaining and maintaining employment." (Id.)

Plaintiff disagrees with the ALJ's conclusion, noting opinions by the Ninth Circuit, for example Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001), for the principle that it is not required that a person be utterly incapacitated to be disabled. (JS at 6, citing Vertigan, 260 F.3d at 1050.) But, while the Ninth Circuit has so concluded, it has held that "the ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities including capacities that are transferable to a work

4

setting, ..." (Molina, 674 F.3d at 114, citing Morgan v. Commissioner Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999).

In this case, the ALJ specifically found that Plaintiff's ADLs are transferrable to a work setting. As noted, the ALJ determined that Plaintiff's RFC includes substantial non-exertional limitations. The Court concludes that the types of ADLs which Plaintiff regularly pursues are reasonably equated with the type of exertional and non-exertional work functions encompassed by his RFC.

The ALJ also assessed Plaintiff's credibility and found it to be depreciated based on the lack of medical evidence which, if it existed, would corroborate the extent of limitations which Plaintiff described. (See AR at 15-16.) While a lack of objective evidence cannot be the sole criterion to reject or depreciate credibility, it can be one factor to be considered. This also encompasses not just a lack of corroborating medical evidence, but also contradictions between objective medical evidence and claimed limitations. Here, the ALJ relied upon both. He cited the report of consulting examining psychiatrist Dr. Parikh, which generally set no limitations on Plaintiff's mental functioning. (AR 16, 253-259.)

Dr. Parikh's conclusions were echoed by the non-examining State Agency psychiatrists, Drs. Paxton and Loomis. (AR 263, 382.)

As another reason, the ALJ relied on the fact that the record failed to include any restrictions or limitations recommended by Plaintiff's treating physicians. (AR 15.) Plaintiff contends this is not a proper basis for credibility assessment, in that even if his treating physicians believed he was completely disabled and unable to engage in any employment, there would be no reason to expect that they would "automatically include such medical opinions in their routine

mental health treatment records." (JS at 8.) This is a doubtful proposition, and the Court finds it more reasonable to conclude that if Plaintiff has such severe mental limitations as he claims, there would be some notation in the records of his treating physician or physicians. The Court thus cannot fault the ALJ for including this as one basis for depreciating credibility.

The ALJ also relied upon his own observations of Plaintiff's behavior and functioning during the administrative hearing. While this is sometimes criticized as "sit and squirm jurisprudence," the Ninth Circuit has held that it may constitute one basis on which to evaluate credibility. See Morgan v. Commissioner, 169 F.3d 595, 600 (9th Cir. 1999). ("The inclusion of the ALJ's personal observations does not render the decision improper", citing Sellard v. Shalala, 37 F.3d 1506 (9th Cir. 1994), citing Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985)).

In conclusion, the Court finds that the ALJ properly considered the evidence in the record and provided substantial and numerous reasons to depreciate Plaintiff's credibility as to subjective symptoms. The Court finds no error, and therefore will affirm the Decision of the Commissioner, and order that this matter be dismissed with prejudice.

The decision of the ALJ will be affirmed. The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: June 24, 2014                              /s/
                                         VICTOR B. KENTON
                                         UNITED STATES MAGISTRATE JUDGE